The CONNECTICUT FIRE INSURANCE COMPANY, a corporation, Plaintiff,

v.

RELIANCE INSURANCE COMPANY OF MADISON, WISCONSIN, a corporation, Jesse Scott, Jr., and Ronald J. Scott, Defendants.

Civ. A. No. W–2308.

United States District Court
D. Kansas.
Aug. 22, 1962.

Robert E. Foulston of Foulston, Siefkin, Power Smith & Eberhardt, Wichita, Kan., for plaintiff.

Daniel R. Hopkins, of Calihan, Green, Hopkins & Calihan, Garden City, Kan., for defendants Reliance Ins. Co. and Jesse Scott, Jr.

Bert J. Vance, of Fleming, Fleming & Vance, Garden City, Kan., for defendant Ronald Scott.

TEMPLAR, District Judge.

The above entitled cause came on regularly for trial, and the Court having duly considered the evidence and being

fully advised in the premises now finds the following:

## FINDINGS OF FACT

1. The plaintiff is a corporation organized under and by virtue of the laws of the state of Connecticut, with its principal place of business in Connecticut and not in the state of Kansas, but being authorized to do business in the state of Kansas.

2. The defendant Reliance Insurance Company is an insurance company organized under the laws of the state of Wisconsin, with its principal place of business at Madison, Wisconsin and not in the state of Connecticut. The defendants Jesse Scott, Jr. and Ronald J. Scott are residents of Finney County, Kansas.

3. The value of the matter in controversy is in excess of Ten Thousand Dollars ($10,000.00) exclusive of interest and costs, and diversity of citizenship exists between the plaintiff and each of the defendants. The Court has jurisdiction of the parties and subject matter of this action.

4. On or about April 27, 1956, the plaintiff issued to Ronald J. Scott its farmers comprehensive liability policy, number FCC5 32 02 for a period of three (3) years from the date of issue to April 27, 1959.

5. The policy of insurance contained certain insuring agreements, exclusions, and conditions. Among others, the policy contained the following:

INSURING AGREEMENT—

"Coverage A—Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * * because of injury to or destruction of property. * * * "

EXCLUSIONS—

"This policy does not apply; * * (f) under coverage A, to injury or destruction of property used by, rented to, or in the care, custody or control of the insured." .

CONDITIONS—

"The insured shall cooperate with the company, and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

6. That on or about November 7, 1958, a fire occurred in Section Twenty-Seven, Township Twenty-two South, Range Thirty-one West of the Sixth P.M. in Finney County, Kansas, on property owned by the defendant Jesse Scott, Jr. Said fire destroyed certain outbuildings, granaries, and other property belonging to the defendant Jesse Scott, Jr.

7. The defendant, Jesse Scott, Jr., was the owner of approximately 1120 acres of farm land located in Finney County, Kansas, which he leased to his brother, Ronald J. Scott, on the usual oral farm lease providing for one-third of the crops to the landlord, and two-thirds to the tenant. On this land there was a farm house in which the defendant, Jesse Scott, Jr., and his family lived, and adjacent thereto there were certain outbuildings, including a granary, a shed or barn, corrals and other farm buildings. None of these buildings were included in the lease to Ronald Scott, but were retained for the use of Jesse, and Jesse exercised the use, care, custody and control over them. In the shed Jesse maintained some farm tools, machinery and equipment which he had used in farming activities some years before when he was engaged in the farming business, and which he still owned. Defendant Ronald J. Scott owned, adjacent to the land of Jesse, approximately 920 acres which he farmed in addition to the land leased to him by Jesse. Ron-

ald lived approximately two miles south of Jesse.

8. With the implied permission of Jesse, Ronald would occasionally operate some of Jesse's tools and use supplies at the shed on Jesse's premises when he happened to be in the vicinity, and was in need of such items for the repair of his equipment. On several occasions Ronald parked over-night some of his vehicles in the shed on Jesse's premises. He also had stored in Jesse's shed four planter attachments which he had used during the preceding season in farming activities on Jesse's farm. The large building or shed which was destroyed by the fire was divided into three sections—a machine shop, a storage area and a lean-to storage area. Ronald had never had the care, custody or control of, nor had he made any use of the lean-to section. At the time of the fire he had no care, custody and control of and was making no use of the machine shop section of the building. At the time of the fire he had in the storage section of the building a truck, a disabled tractor, a portable welder and four planter attachments.

9. In harvest season during the years 1957 and 1958, Ronald had rented from Jesse a one and one-half ton Ford truck for the transportation of wheat and milo to the elevator during harvest, for which he paid Jesse an amount per bushel hauled from the farm to the elevator. When the vehicle was not being so used, Ronald would return it to Jesse's shed. This vehicle was taken out by Ronald on November 6, 1958 in preparation for harvest, but was returned to the shed in the evening. No payment was to be made for such use except the hauling of the grain. During that day, the vehicle was neither loaded nor used and was returned to the shed in the evening empty. No rent was earned during that day since no grain was hauled.

10. On the 6th day of November, 1958, two of Ronald's hired hands, at his direction, were burning weeds on the farm land leased by Ronald from Jesse adjacent to the farmstead of Jesse. The farm hands negligently failed to extinguish the fire, and at approximately twelve o'clock that night the wind from the southeast caused the nonextinguished fire to blaze and to spread to the out-buildings and shed belonging to Jesse, destroying the out-buildings, the equipment, tools and supplies located in them and the corrals, fences, lumber and other property located on the farmstead. The fire was caused by the negligence of Ronald's farm hands for which negligence Ronald was responsible and liable. Some of the property destroyed by the fire and owned by Jesse was covered by a fire insurance policy of Reliance Insurance Company and Jesse was paid the sum of $8,519.40 by that company on such loss. The Ford 1½-ton truck which was destroyed in the fire was covered by a fire insurance policy issued to Jesse by the plaintiff here, which coverage amounted to the sum of $1,080.00 which sum Jesse was paid by plaintiff.

11. Claim was made against the plaintiff herein by Jesse Scott for the items of property destroyed by the fire which claim was denied by the plaintiff by letter dated April 23, 1959, addressed to Jesse Scott in which the plaintiff states:

"After having made a thorough examination of the loss and claim which you have made against your brother arising out of the fire on November 7, 1958, and particularly reviewing the question of coverage and having submitted all of this information to the company for a final decision, we now wish to advise that the coverage in this claim is being denied for the reason that the company feels, and we are inclined to agree that, in this case the property for which damage was claimed was in the care, custody and control of the insured and particularly that the property was used by the insured as the term is defined in the policy.

"A copy of this letter is being sent to your brother, Ronald Scott, our insured, advising him that any liability which he may have incurred

by the reason of this accident is not covered by this policy. It is our intention to close our file on this claim herewith."

12. On or about the 1st day of November, 1960, an action was commenced in the District Court of Finney County, Kansas, entitled "Jesse Scott, Jr., Plaintiff, v. Ronald J. Scott, Defendant", being Case No. 10923 in that court. A copy of the Petition filed in that case appears in the record and is attached to the Answer of Jesse Scott, Jr., filed herein. In this Petition Jesse sought to recover from Ronald the total sum of $29,723.24 for losses sustained in the fire. Summons was issued and served on Ronald. Immediately upon receipt of service of summons, Ronald consulted his attorney, Bert J. Vance, who advised him to notify his insurance company of the suit and to send to the company a copy of the summons. This Ronald did and the insurance company received the notice and obtained a copy of the Petition filed in the District Court of Finney County, Kansas, well in advance of the date on which an Answer was required to be filed. Thereafter, the plaintiff, by letter dated November 15, 1960, notified Ronald:

"This will serve to acknowledge receipt of your correspondence dated November 9, 1960 with enclosures.

"Please be advised that we cannot defend you in this matter as your policy did not provide coverage for this loss."

13. At the time the property of Jesse Scott, Jr., was destroyed by the fire set by Ronald Scott's employees, none of the property belonging to Jesse and destroyed by the fire was in the custody, care or control of Ronald J. Scott.

14. The statement of plaintiff to Ronald J. Scott that his policy did not provide coverage for the loss sustained by Jesse was the only reason advanced to Ronald by the plaintiff for its failure to provide coverage or to provide him a defense in the action filed against him by Jesse in the District Court of Finney County, Kansas. On its face, the Petition filed in the District Court of Finney County, Kansas, against Ronald, sets out a claim which falls within the coverage of the liability policy issued by plaintiff to the defendant Ronald J. Scott.

15. After Ronald J. Scott talked with his attorney, Mr. Vance, but before he had received the letter of November 15, 1960, from the plaintiff, Ronald talked with Daniel R. Hopkins, Jesse's attorney, for the purpose of inquiring about the nature of the action brought against him. The nature of the action was explained to Ronald by Hopkins, who volunteered the information that Jesse did not intend to enforce any judgment which might be obtained against Ronald personally. Ronald did nothing further, and on the 22nd day of December, 1960, which time was several weeks after the day required for an answer to be filed in said action, and no answer or other pleading having been filed, a default judgment was taken against Ronald by Jesse for the sum of $28,643.24 with interest thereon at the rate of 6% per annum from such date and for costs, which costs amounted to the sum of $13.00. At the time the default judgment was taken, evidence was introduced by Jesse supporting the allegations of the Petition filed by him. This judgment has never been vacated, set aside nor appeal taken therefrom, but is a final and conclusive judgment in favor of Jesse and against Ronald and still remains unpaid and constitutes a lien against Ronald's property.

16. After judgment was entered in the Finney County District Court, Mr. Vance learned of its entry and called Ronald to ascertain the reason the judgment had gone by default. At that time Ronald told Mr. Vance that his insurance company had refused to defend and had failed to offer any defense and that no defense was made to the action. Mr. Vance then discussed with Ronald the circumstances of the fire and the value of the property. This was still within the time when some action could have been taken to set the judgment aside, but, after having consulted with Mr.

Vance, Ronald was of the opinion that he was liable for the fire because of the negligence of his hired men, and that the values of the property claimed in the action and for which judgment was taken were reasonable and proper. No action was taken to set the judgment aside.

17. There was no lack of cooperation on the part of Ronald with the plaintiff at any time, nor was there any collusion between Ronald and Jesse against the plaintiff. Ronald has not failed at any time to cooperate with the plaintiff, nor has he concealed any facts from the plaintiff. The attorney for Jesse after the suit was filed in the District Court of Finney County informed the defendant Ronald that it was not the intention of Jesse to attempt to collect personally from the defendant, Ronald J. Scott, any judgment which might be obtained. No other arrangement of any sort, with regard to collection of said judgment, was ever made between Jesse Scott Jr., Reliance Insurance Company, and Ronald J. Scott.

18. In entering the default judgment against Ronald, it was necessary for the state trial court to determine in that action the issues of:

(1) Ownership of the property destroyed;

(2) The fault or negligence of Ronald as the proximate cause for its destruction; and

(3) The value of the property destroyed.

It was not essential to the determination of these issues in the state action, for the state trial court to determine:

(1) Who had the exclusive care, custody and control of the property destroyed; and

(2) Whether the property destroyed was being used by, or rented by, or under the physical control of Ronald.

Full faith and credit must be given to the judicial proceedings in the state court under constitutional requirements, but this requirement extends only to the adjudication of issues necessary for the court to determine in entering its judgment.

19. The verb "use" or "used" has two different meanings recognized by lexicographers and unconsciously differentiated in common speech, it can mean (1) to employ or be employed or occupied. In this sense the word would include a single isolated instance or use, or (2) to practice customarily or (in the case of a place or thing) to be the subject of customary practice, employment or occupation, continuity, a certain duration of time. The plaintiff herein having prepared the contract, the word "use", in absence of other definition in the contract, is interpreted to have the meaning most favorable to the party against whom the application of the term is sought to be enforced. The Court construes the meaning to imply customary practice, continuity, a certain duration of time. Under such construction Ronald used a portion of Jesse's shed to store his tractor, truck, portable welder, and four planter attachments. The storage of equipment in the shed by Ronald was a customary practice that continued for several weeks up to and including the time of the fire, and amounted to the use of the shed by Ronald within the meaning of the insurance contract. No evidence was offered to establish the value of the lean-to attached to the shed or the machine shop. It must therefore be considered as a unit. None of the other destroyed property of Jesse's was, at the time of the fire, being used by Ronald, nor was it rented by him, nor was it under his care, custody and control within the meaning of the exclusion clause in the insurance contract.

20. The Petition filed by Jesse Scott Jr., in the action brought against Ronald J. Scott of the Finney County District Court, alleged, and the judgment entered in that proceeding determined, the following issues:

1. That on the 6th and 7th of November, 1958, Jesse Scott Jr., was the owner of and in the exclusive care, custody and control of a cer-

tain farm dwelling, machine shed, granary, and other personal property located therein and adjacent thereto; that Ronald J. Scott was at the time a tenant under an oral lease of the farm, except that portion on which the buildings were located, and had no rights in the premises on which the buildings and personal property were located and that Ronald did not have the care, custody and control of said property, nor was it being used by or rented to him or in his physical control; that Ronald's employees negligently permitted the fire to spread out of control to the buildings and property belonging to Jesse, burning and destroying same, and that the value of the items destroyed was:

| ITEM | AMOUNT |
|---|---|
| Granary | $ 200.00 |
| Shed | 11,000.00 |
| Window screens, storm windows and storm doors | 146.75 |
| Personal property located adjacent to farm building | 2,004.50 |
| Ford 1½ Ton Truck | 974.00 |
| Corral fences and loading chute | 150.00 |
| 15,360 board feet of lumber | 1,843.20 |
| Portable welder | 300.00 |
| Two acetylene welders | 300.00 |
| Air compressor | 150.00 |
| Shop equipment including shop and hand tools | 4,000.00 |
| New and used parts | 7,500.00 |
| Oil and gasoline | 200.00 |
| Certified milo and other seed | 75.00 |
| Total | $28,643.24 |

Judgment was entered against Ronald for $28,643.24 with interest at 6% from December 22, 1960.

The Ford 1½-ton Truck referred to above, which was destroyed in the fire was covered by the fire insurance policy issued to Jesse by the plaintiff herein, which coverage amounted to the sum of $1,080.00 for which sum Jesse was paid, but the value of the truck at the time it was destroyed by fire was $2,054.00 leaving an uncompensated loss to Jesse of $974.00.

21. The plaintiff was aware, when it was requested to defend the suit brought against its insured, Ronald J. Scott, that some of the property for which suit was being maintained, was not being used by, nor was it under the care, custody and control of the insured at the time the property was negligently destroyed by a fire for which its insured was legally responsible and liable.

22. Defendants Jesse Scott Jr., and Reliance Insurance Company are entitled to recover on their counter-claim, the sum of $19,723.24 plus interest at 6% per annum from December 22, 1960 and the costs of the state court action in the amount of $13.00.

23. Under the terms of its insurance contract, the plaintiff was required to furnish Ronald J. Scott a defense to the action filed against him in the District Court of Finney County, Kansas, unless the exclusion with regard to property used by the named insured excused the plaintiff from its duty to defend him. So long as any of the property sued for in the state court action included property which did not fall within the use exclusion or the rental exclusion or the care, custody and control exclusion, the plaintiff was required to defend the action, and the plaintiff breached its contract by failing to so provide a defense to it. The failure and refusal of plaintiff to appear and defend the state court action now estops plaintiff from questioning the decision of Ronald J. Scott to allow the action to go to default and judgment, and plaintiff is bound by the said default judgment on issues essential to its determination, and further is liable to Ronald J. Scott for all the damages incurred by said breach including the expenses incurred by Ronald J. Scott and his reasonable attorneys fees in the defense of the present action.

24. Since the only reason given by the plaintiff for its failure to provide coverage and to defend Ronald J. Scott in the action brought against him was that the policy did not provide coverage for the loss described in the Petition filed, the plaintiff cannot now assert lack of cooperation or collusion upon the part of the insured as grounds for not carrying out its contract of insurance. There is no evidence of lack of cooperation on the part of Ronald J. Scott and no evidence of any collusion between Ronald J. Scott, Jesse Scott Jr., and Reliance Insurance Company. The statement made by the attorney for Jesse Scott Jr., to the defendant Ronald J. Scott, that Jesse Scott Jr., did not intend to collect the Finney County District Court judgment, if same was obtained, from Ronald J. Scott, does not constitute collusion or fraudulent conduct.

25. Plaintiff is an insurance company within the meaning and the definition given in Section 40–256 of the General Statutes of Kansas, 1961 Supp. The counter claim of the defendant, Ronald J. Scott makes him a plaintiff within the meaning of the word as used in said Section. The controversy concerning the use exclusion and whether all or any portion of the property was used by the named insured does not constitute a just cause or excuse for failure to pay the loss or such portion of it as plaintiff was obligated to pay, and the plaintiff is liable under the provisions of the applicable Statute for the attorneys' fees incurred by the defendant Ronald J. Scott in this proceeding. The reasonable value of such services so rendered in this proceeding by Jesse's attorney is determined by the court to be the sum of $1000.00 to be recovered and collected as part of the costs.

26. The insurance contract issued by plaintiff requires it to reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request. The purpose of the provision in the policy providing for a defense even if the suit is groundless, false or fraudulent, is to guarantee that the purchaser of a policy of liability insurance will be protected from all expense. The provision to reimburse the insured for expense incurred, at the company's request, is merely an extension of this protection. The insured has in no way breached his contract of insurance or failed to cooperate. The action of the plaintiff in filing a declaratory judgment action and having summons issued and served upon its insured required him to appear and answer in the declaratory judgment action, and constitutes a request of the plaintiff and, therefore, the plaintiff is liable under the provisions of its insurance contract for the attorneys' fees incurred by the insured.

## CONCLUSIONS OF LAW

From the foregoing facts the Court concludes:

1. The Court has jurisdiction of the parties and the subject matter of the action and the power and authority to grant relief prayed for in the pleadings of the parties.

2. The prior default judgment rendered by the District Court of Finney County, Kansas, against Ronald J. Scott and in favor of Jesse Scott Jr., is not conclusive on the question of coverage. This issue was not essential to the determination of the judgment entered in that case.

3. Ronald J. Scott did not violate the conditions of the liability insurance policy referred to in Finding of Fact No. 5. Plaintiff is now estopped to assert any defense to this action other than the defense that the property destroyed in the fire was not within the coverage of its insurance contract with Ronald J. Scott.

4. Plaintiff is liable for the payment of the default judgment obtained by Jesse Scott Jr., against Ronald J. Scott to the extent that the items of property destroyed were not excluded from coverage by the insurance contract.

5. Jesse Scott Jr., and Reliance Insurance Company defendants herein are

entitled to judgment against plaintiff in the sum of $17,643.24 plus interest thereon at the rate of 6% per annum from December 22, 1960, and for the costs of the state court action in the amount of $13.00.

6. The plaintiff is liable to the defendant Ronald J. Scott for his attorneys' fees and expenses in the amount of $1000.00 to be collected and paid as a part of the costs herein.

7. The costs of this action shall be taxed against the plaintiff, the Connecticut Fire Insurance Company.