**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**TRAVELERS INDEMNITY COMPANY, Defendant.**

Civ. A. No. 66-C-55.

United States District Court
D. Colorado.

Aug. 21, 1967.

———◇———

Wormwood, Wolvington, Renner & Dosh, Kenneth M. Wormwood, Denver, Colo., for plaintiff.

Wood, Ris & Hames, Stephen E. Connor, Denver, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

CHILSON, District Judge.

This is an action for a declaratory judgment to determine the respective liability of the plaintiff, State Farm Mutual, and the defendant, Travelers Indemnity, under the policies of liability insurance issued by them. Both the plaintiff and the defendant have filed motions for summary judgment and briefs in support of their respective contentions, together with a stipulation of facts.

It appears to the Court that there are no genuine issues of material fact to be determined and that the litigation may be disposed of on the motion for summary judgment.

The facts, briefly summarized, are that on September 10, 1963, Roscoe Moore, Jr.

owned a 1958 Chevrolet automobile which was insured by State Farm. On that date, E. J. and Katy L. Carrington were operating a Chevrolet garage at Montrose, Colorado, under the name of Carrington Chevrolet Company and owned a 1956 Chevrolet automobile which was insured by Travelers under a garage liability policy.

On September 10, 1963, Moore left his 1958 Chevrolet at the Carrington garage for repairs and Carrington turned over to Moore for his use a 1956 Chevrolet. While driving the 1956 Chevrolet, Moore was involved in an automobile accident with another vehicle and as a result Moore was sued for damages in the District Court of Montrose County, Colorado.

Moore made demand upon State Farm to defend the State Court action and the plaintiff is defending that action although it contends that Travelers had the primary coverage and the obligation to defend Moore and further contends that State Farm's liability is only excess to the coverage of Moore by Travelers' policy.

The automobile which Moore was driving was a "substitute automobile" as defined within the State Farm policy, wherein it states:

"*Temporary Substitute Automobile*— means an automobile not owned by the named insured or his spouse while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

The State Farm policy covers Moore while driving a substitute automobile, but the policy provides that it is subject to the following provision:

"The insurance with respect to a temporary substitute automobile, a trailer and a non-owned automobile shall be excess over other collectible insurance."

The Travelers policy, which was specific insurance on the car being driven by Moore at the time of the accident, had what is known as the omnibus clause under which Moore was covered by reason of driving the Carrington automobile with the permission of Carrington. The provision in the Travelers policy provides as follows:

"With respect to an automobile to which the insurance applies under paragraph 1(a) of the Automobile Hazards, any of the following persons while using such automobile with the permission of the named insured, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission:

(a) any employee, director or stockholder of the named insured, any partner therein and any resident of the same household as the named insured, such employee, director, stockholder or partner,

(b) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; provided that with respect to Coverage C, such person shall be deemed to be a person for whom insurance is afforded, whether or not there is any other valid and collectible automobile liability insurance;"

State Farm contends that Travelers has the primary liability and that State Farm's liability is only excess to that of Travelers.

Travelers contends that State Farm insured Moore "at least equal to the minimum limits specified by the financial responsibility law of the State * * *" of Colorado. Therefore, contends Travelers, it does not insure Moore at all because of the provision heretofore quoted that Travelers insured Moore "only if no other valid and collectible automobile liability insurance either primary or excess, with limits of liability at least equal

to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person * * * ".

Colorado law applies, but, admittedly, there is no case or statutory law in the State of Colorado which is applicable to the question here involved. To determine the question here involved, this Court would be required to declare the law of Colorado in a case of first impression. Under our dual judicial systems it is preferable that cases of first impression be decided by the highest tribunal of the State.

It appears to the Court that it is neither necessary nor desirable that the question here involved be determined by this Court at this time. If the litigation in the State Court results in a judgment of no liability of the defendant Moore, it may not be necessary for this Court in this case to determine the question presented to it.

It is also possible that between now and the time that final judgment is entered in the action in the State Court, that the Supreme Court of the State of Colorado will have rendered an opinion or opinions determinative of the question here involved.

In any event, the Court cannot conceive that a stay of proceedings in this action pending the final determination of the litigation in the State Court will adversely affect either of the parties hereto.

For the reasons stated above,

It is ordered that further proceedings in this action are hereby stayed until the further Order of this Court and this case shall be retired from the active docket of this Court.

It is further ordered that upon the entry of a final judgment in the proceeding in the State Court, the plaintiff in this action shall so advise this Court and request such further action in this matter as appears at that time to be appropriate.