**EMPLOYERS MUTUAL CASUALTY COMPANY, a corporation, Appellant,**

**v.**

**MFA MUTUAL INSURANCE COMPANY, a corporation, Peggy Offill and William E. Anderson, Appellees.**

**No. 9293.**

United States Court of Appeals Tenth Circuit.

Oct. 12, 1967.

Edwin Dudley Smith, Topeka, Kan. (David H. Fisher and Donald Patterson, of Fisher, Patterson, Sayler & Summers, Topeka, Kan., were with him on the brief), for appellant.

Lawrence J. Nelson, Topeka, Kan., (Harold E. Doherty and James E. Benfer, of Doherty & Benfer, Topeka, Kan., were with him on the brief), for appellees.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

LEWIS, Circuit Judge.

On June 13, 1965, William E. Anderson was involved in a collision in Lawrence, Kansas while driving a 1965 Dodge "demonstrator" automobile owned by Shortman Motor Company of Topeka, Kansas. Anderson had earlier that day delivered his own 1964 Dodge automobile

to a Shortman Motor Company salesman for the purpose of having it serviced and the salesman had in turn loaned Anderson the demonstrator for use without charge as a temporary means of transportation. The demonstrator was insured by appellant Employers Mutual under a $200,000 liability policy [1] that contained an omnibus endorsement providing limited coverage [2] for any person other than Shortman and its agents who used the automobile with and in the scope of Shortman's permission,

"but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person * * *."

The endorsement further provided that for such other person:

"(i) the applicable limit of the company's liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (2) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured, and

"(ii) the insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of the limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to clause (i) foregoing, only for the excess."

Anderson's 1964 Dodge was insured by appellee MFA under a $25,000 liability policy that contained an endorsement entitled "Drive Other Cars-Broad Form." This endorsement provided in pertinent part:

"The insurance afforded by this policy for Bodily Injury and Property Damage Liability Coverages with respect to the described automobile applies with respect to any other automobile, subject to the following provisions:

\* \* \* \* \* \*

"4. *Other Insurance.* The insurance afforded under the endorsement shall be excess insurance over any other valid and collectible insurance for Bodily Injury or for Property Damage Liability available to the insured."

Peggy Offill was injured in the subject collision and brought an action for damages against Anderson in the District Court of Douglas County, Kansas where she obtained a judgment for $10,000. MFA defended the suit after Employers Mutual refused to do so and incurred expenses of $2160 over ·and above the amount of the judgment. MFA then instituted this diversity action [3] against Employers Mutual, Peggy Offill and William Anderson for a declaratory judgment to determine the nature and extent of coverage afforded Anderson under the two respective policies. Upon motions for summary judgment by both sides, the District Court concluded that both insurance companies stood on an equal footing in connection with their respective "other insurance" clauses and that equity thus required equal division of the judgment and expenses in the Offill-Anderson litigation. Judgment was entered accordingly. Employers Mutual appeals urging that the existence of

---

1. Liability limits are herein quoted in terms of bodily injury liability per person unless otherwise indicated.

2. The endorsement recited that limited coverage was "in consideration of the reduced rate of premium applicable to the insurance" covering the named insured.

3. According to the pleadings, MFA has its principal place of business in Columbia, Missouri and Employers Mutual has its principal place of business in Des Moines, Iowa. Offill and Anderson, both Kansas residents, have not filed briefs or presented oral argument in this appeal.

MFA's admitted coverage, either primary or excess, operated to withdraw any coverage by Employers Mutual under the express terms of its insurance contract with Shortman Motor Company.

The conclusions of the District Court were premised upon, among other things, two critical determinations concerning the Employers Mutual policy. The first was that it would have provided Anderson with full primary coverage up to $200,000 but for the existence of the MFA policy and the second was that its "other insurance" provision, like that of MFA's, was in the nature of an "excess clause." We consider both of these determinations to be erroneous.

■ As we read the omnibus endorsement in appellant's policy, and there is nothing elsewhere in the policy or in the record to aid in interpretation, primary coverage of persons in the class and status of Anderson was expressly limited to "the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged." The State of Kansas requires that after an accident occurs the persons involved, at the direction of the vehicle department of the state highway commission, shall provide either proof of automobile liability insurance or a deposit of security. Minimum limits in effect at the time of the subject accident are specified as follows:

"Such security shall be in such form and in such amount as the department may require, but in no case in excess of the limits specified in section 8 [8–729] in reference to the acceptable limits of a policy or bond." Kan.Stats.Ann. 8–726(c).

\* \* \* \* \* \*

"No policy or bond shall be effective under section 7 [8–728] of this act \* \* \* unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than five thousand dollars ($5,000) because of bodily injury to, or death

of, one person in any one accident and, subject to said limit for one person, to a limit of not less than ten thousand dollars ($10,000) because of bodily injury to, or death of, two or more persons in any one accident, and if the accident has resulted in injury to, or destruction of property to a limit of not less than one thousand dollars ($1,000) because of injury to, or destruction of, property of others in any one accident." Kan.Stats.Ann. 8–729(a).

Aside from any consideration of other insurance, therefore, we deem the intent and purpose of Employers Mutual, as reflected in the cited policy provisions and in the recitation that limited coverage was provided in consideration of a reduced premium on the policy, were to provide permissive users like Anderson only with insurance sufficient to meet the $5,000 minimum. Any liability in excess of this amount would have had to come from elsewhere, including the permissive user himself if he did not happen to have adequate excess coverage. The primary coverage of up to $200,000 was applicable solely to Shortman Motor Company, its officers, stockholders, employees and members of their households, and the record is clear that Anderson did not fall into any of these categories.

■ So, too, if the pertinent portions of the Employers Mutual endorsement earlier quoted are to be given significance, appellant's "other valid and collectible insurance" clause is one of "no liability" rather than one of "excess" coverage. The District Court apparently placed determinative importance on the phrase "only for the excess" at the end of paragraph (ii) pertaining to limits of liability and interpreted that phrase to provide excess coverage where there is no other valid and collectible primary coverage, irrespective of amount. The phrase is indeed one of excess coverage, but for only so much excess coverage as is needed to bring the total coverage up to the $5,000 minimum required by the state financial responsibility law. This then is not an excess provision which would aid Anderson or any other similar

permissive user if his liability were $10,-000 and his primary coverage only $5,000. Under the specific terms of the endorsement, once the insured has coverage of $5,000, all obligations of Employers Mutual are terminated.

It does not follow that characterization of the pertinent Employers Mutual clause as one of "no liability" and that of MFA as one of "excess" necessarily operates to withdraw any and all coverage by Employers Mutual as appellant would have us hold. The many authorities which have attempted to resolve this kind of conflict between "other insurance" provisions, and unfortunately no Kansas cases have been found among them, are sharply divided as to both result and reasoning. One group of cases has taken the position that primary liability is to be imposed upon the insurer issuing the "no liability" policy while literal effect is to be given the "excess" policy. New Amsterdam Casualty Co. v. Certain Underwriters at Lloyds, 34 Ill.2d 424, 216 N.E.2d 665, and authorities cited. This view appears to be premised in part upon the general disfavor of the courts with escape clauses. See generally 46 A.L.R. 2d 1163, 8 Appleman, Insurance Law and Practice § 4914. Applied to the circumstances at bar, Employers Mutual would be primarily liable up to the $5,000 limits of its liability, MFA would be liable for the $5,000 excess, and, inasmuch as it happened that their respective liabilities were the same, the two companies would share equally in the expenses of litigation. Coincidentally, this is the same result that was reached by the District Court.

There are other reputable authorities, however, which have held that where the "no liability" clause in one policy expressly designates the other insurance as primary or excess, as was done here, then it is to be favored over the "excess" clause in the other policy. Allstate Insurance Co. v. Shelby Mutual Insurance Co., 269 N.C. 341, 152 S.E.2d 436; Continental Casualty Co. v. Weekes, Fla., 74 So.2d

367, 46 A.L.R.2d 1159. This rule would of course dictate here a judgment that all liability and expenses be borne by MFA. But such a result seems no less arbitrary than the one arrived at under the opposing view since it requires the court to make the same initial choice as to which policy will be adopted as the point of departure in analyzing the conflict.

There is yet a third group of cases which holds that conflicting "no liability" and "excess" clauses are to be disregarded as mutually repugnant and the loss is thus to be prorated according to the primary limits of liability on each policy. Gilkey v. Andrew Weir Insurance Co., 9 Cir., 291 F.2d 132 (applying Oregon law); Oregon Auto Insurance Co. v. United States Fidelity & Guaranty Co., 9 Cir., 195 F.2d 958 (applying Oregon law); State Farm Mutual Insurance Co. v. Travelers Insurance Co., La.App., 184 So.2d 750, cert. denied 249 La. 454, 455, 187 So.2d 439; and authorities cited. This approach is premised solely upon equitable considerations and, except for prorationing, is in essence the approach that was taken by the District Court. Properly applied, it would result in placing $5,000/$30,000 or one-sixth of the damages and litigation expenses upon Employers Mutual and $25,000/$30,000 or five-sixths upon MFA.

In refusing to prorate the loss according to policy limits,[4] the District Court reasoned as follows:

"While there is some language in each of the contracts that makes provision for proration under some circumstances, this Court believes that it is commonly known that the cost of liability insurance does not increase proportionately with the policy limits. The cost of increased limits of which the Court takes judicial notice, is relatively small when compared to the cost of minimum coverage."

This statement of the District Court was made in view of its interpretation that each policy afforded primary coverage in excess of the loss incurred, a

---

4. MFA appears to be the only one that urged prorationing and its theory was of course that the ratio should be $200,000 for Employers Mutual to $25,000 for MFA.

premise we hold to have been in error in respect to the Employers Mutual policy. However the trial court's reasoning in this regard pierces to some degree the generally accepted artifice of the many authorities holding that where two or more "other insurance" provisions are held to be mutually exclusive or repugnant or where there are otherwise two or more insurance policies covering the same risk, the loss must be apportioned on the basis of the respective amounts of primary coverage. See generally Annotations, 69 A.L.R.2d 1122; 76 A.L.R.2d 502; St. Paul Mercury Insurance Co. v. Underwriters at Lloyds of London, 10 Cir., 365 F.2d 659. Those cases which have not required prorationing according to policy limits have for the most part held one insurer liable on its primary coverage and, if necessary, the other insurer or insurers liable on the excess. Some few cases have held that prorationing should be on the basis of premiums paid. E. g., Insurance Co. of Texas v. Employers Liability Assurance Corp., S.D.Cal., 163 F.Supp. 143.

Kansas has no judicial decision controlling the issues presented by the case at bar and consequently we readily accept the trial court's judgment that these insurance companies should share the disputed loss and the court's rejecttion of their respective positions argued below that "winner take all." We agree that a balancing of the respective equities should determine the outcome of the case, a primary and highly discretionary function of the trial court in any case. Since the trial court's initial consideration of the equities assumed the primary policy liability of Employers Mutual to be $200,-000 and that of MFA to be $25,000 we remand the case for further consideration in light of our holding that Employers Mutual's total policy liability is $5,000. Under these circumstances, should the trial court anticipate that Kansas would adopt the somewhat prevalent view that the loss should thus be prorated according to policy limits judgment should be imposed one-sixth upon Employers Mutual, five-sixths upon MFA; however, should the trial court anticipate that Kansas would not so decide in broad principle, judgment should be entered prorating the loss according to the maximum loss that each company could have sustained in the particular case absent the other's coverage, that is, $10,000 for MFA and $5,000 for Employers Mutual or a two-to-one ratio. Cf. Dekat v. American Automobile Fire Insurance Co. of St. Louis, 146 Kan. 955, 73 P.2d 1080. Under the particulars of this case, that is, where one policy will not sustain the whole loss, we hold that the equities will not support an equal division of the loss.

Remanded for further proceeding in accord with the views herein expressed.