**MFA MUTUAL INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY, a corporation, Peggy Offill and William E. Anderson, Defendants.**

No. T–3901.

United States District Court
D. Kansas.

Dec. 19, 1967.

Harold E. Doherty, Topeka, Kan., for plaintiff.

David H. Fisher, Topeka, Kan., for defendants.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

This case is before the Court on remand from the decision of the Tenth Circuit Court of Appeals, having been heard by that Court and decided under the caption, "Employers Mutual Casualty Company v. MFA Mutual Insurance Company et al.," 384 F.2d 111, decided by that Court, October 12, 1967.

This Court had determined that as between the two liability insurance carriers affording coverage on a loaned vehicle, driven by one Anderson, against whom a judgment had been rendered in a personal injury action defended by MFA, each insurer should share equally the judgment against Anderson.

Anderson had a policy issued to him by MFA covering his 1964 Dodge automobile and containing a "Drive Other Cars–Broad Form" endorsement and providing that it should be "excess insurance over any other valid and collectible in-

surance for bodily injury or for property damage liability available to the insured."

The owner of the loaned 1965 Dodge, driven by Anderson at the time of the accident, was insured under a policy issued by Employers Mutual which limited its liability (as the Court of Appeals has determined) to $5,000 coverage for Anderson because by its specific provision, the limits of liability as to a driver operating a vehicle owned by the assured (Shortman Motor Company) and loaned to another would not exceed the minimum limit specified by the financial responsibility law of the state in which the automobile is principally garaged. The vehicle was principally garaged in Kansas and the Kansas financial responsibility law at that time required a minimum coverage of $5,000 because of bodily injury to one person.

The Employers Mutual policy held by Shortman on the loaned vehicle driven by Anderson also provided that it should not apply to any loss where the insured has other valid, collectible insurance unless the total amount of loss exceeds the sum of limits of other policies affording insurance in which event it shall be liable only for the excess and to the extent limited by the applicable financial responsibility law of the state.

The Court of Appeals cited in its opinion the decisions of several courts and authorities which have considered the proper interpretation and application of these repugnant provisions in the two policies of insurance. This Court will not undertake to make an analysis of these decisions, for Judge Lewis, in the decision of the Court of Appeals has done this. At the time Judge Lewis prepared the decision for the Court of Appeals, the record did not disclose that the Kansas Court had ruled on the question here presented and the Court of Appeals suggested that it is the responsibility of the trial court to anticipate what the Kansas Court might decide when confronted with the issue at hand, whether it would adopt the view that the loss should be prorated according to the policy limits, or according to the maximum loss that each

company could have sustained in the particular case, absent the other's coverage which is $10,000 for MFA and $5,000 for Employers Mutual. It was this Court's initial view that because of equitable considerations noted in the memorandum and judgment originally entered, which will not again be stated, that the two insurance companies should bear equally the loss and expenses involved in the defense of the action incurred by MFA.

It has now come to this Court's attention that on July 12, 1967, in the case of Maryland Casualty Company v. American Family Insurance Group, reported in 199 Kan. 373, 429 P.2d 931, the Supreme Court of Kansas has made the determination of the Kansas rule to be applied in cases wherein the issue of insurer's liability is involved, when, as here, two insurers have liability coverage on the same motor vehicle which is involved in an accident. In the *Maryland* case, supra, American had issued a policy to Shaw, who owned a Plymouth automobile; Maryland had issued a policy to Willis, who owned a Volkswagen. After determining that a trade negotiated by the parties had not in fact resulted in a change of ownership of the vehicles, and a finding that while Willis was driving the Plymouth with Shaw's permission, he was involved in a wreck out of which grew the litigation, the Kansas Court adopted the rule which this Court now believes controls.

In the case before the Kansas Court, both Willis and Shaw were sued as a result of the accident in which Willis was driving Shaw's Plymouth. In that action both Willis and Shaw were sued and each was represented by his insurer, i. e., Willis by Maryland and Shaw by American. Maryland negotiated a settlement with the injured party and requested American to pay the settlement. American refused, Maryland paid it and sued American to recover the amount of the settlement, the costs and attorney's fees. The state trial court entered judgment in favor of Maryland for the amount of the settlement and costs but denied allowance of attorney's

fees. An appeal and cross appeal followed. The Kansas Supreme Court affirmed the trial court's decision and held that:

"Where an owner's policy provides for pro rata coverage with other insurance against a loss, and the policy of the driver who is involved in a collision while driving the automobile with the permission of the owner contains a similar provision, and additionally an 'excess insurance' clause with respect to a 'non-owned automobile,' the owner's insurer is primarily liable within the limits of its policy for such loss."

Thus, under Kansas law the owner's insurance, Employers Mutual in this case, has the primary coverage and is liable to the extent of coverage afforded under its "other insurance" provision as limited by the omnibus endorsement and MFA may recover from Employers the amount of the primary coverage afforded in this case.

█ Under the holding of the Kansas Supreme Court, it was also determined:

"A secondary insurer of a driver has a contractual duty with its insured to defend a lawsuit instituted by an injured party, and such duty is personal and distinct from indemnification; hence, such insurer has no right to recover from the primary insurer its attorneys' fees and expenses in making such defense."

Thus, no attorney's fees or expenses or any part thereof involved in making the defense may be collected by MFA from Employers in this case.

The Court does not believe that the Kansas Statute, K.S.A. 40–256, applies in a situation of this kind. In any event, no bad faith has been established since until now the applicable law in Kansas was uncertain. Nor does the Court believe that the rule announced in the case of Connecticut Fire Insurance Company v. Reliance Insurance Company, D.C., 208 F. Supp. 20, permitting recovery of attorneys' fees by an insured under certain circumstances, applied to a situation of the kind now before the Court.

Plaintiff's counsel will prepare, circulate and submit to the Court for approval and entry, a form of judgment consistent with the determination made by the Court in this memorandum.