**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Melvin M. Weldner, Harriet Weldner and Melvin F. Weldner, Plaintiffs,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant and Garnishee.**

**Civ. A. Nos. 66–C–55, C–1105.**

United States District Court
D. Colorado.
July 24, 1969.

Kenneth M. Wormwood, Denver, Colo., and Victor T. Roushar, Montrose, Colo., for plaintiffs.

Stephen E. Connor, Denver, Colo., for defendant and garnishee.

## MEMORANDUM OPINION

CHILSON, District Judge.

This matter is before the Court for determination upon the following stipulated facts. On September 10, 1963, one R. Wesley Moore, (Moore) owned a 1958 Chevrolet automobile which he had insured with State Farm Mutual Automobile Insurance Company, (State Farm).

On the same date, Mr. and Mrs. Carrington operated a garage in Montrose, Colorado. They owned a 1956 Chevrolet four-door sedan and carried insurance with the Travelers Indemnity Company, (Travelers).

On September 10, 1963, Moore left his 1958 Chevrolet at the Carrington garage for repairs, and the Carringtons loaned their 1956 Chevrolet sedan to Moore for his use while his automobile was being repaired. On the same day, September 10, 1963, Moore, while driving the Carringtons' Chevrolet, was involved in an automobile accident as a result of which the plaintiff, Harriet Weldner, recovered a judgment against Moore for $27,000, and the plaintiff, Melvin M. Weldner, recovered judgment against Moore for $94.84. Both judgments were obtained in the district court in Montrose County, Colorado.

The liability limits of the State Farm policy were $10,000 for one person and $20,000 for one accident. State Farm tendered into the Montrose District Court, $10,000 plus interest and costs to be applied to the judgment entered in favor of Harriet Weldner and the sum of $94.84 plus interest to be applied to the judgment entered in behalf of Melvin M. Weldner.

Garnishee summons was served upon Travelers on behalf of Harriet Weldner to collect from Travelers the balance of her judgment. Travelers removed the garnishment proceedings to this Court where it was consolidated with an action previously brought in this Court by State Farm against Travelers for a declaratory judgment to define the respective liability of State Farm and Travelers, 272 F.Supp. 803.

The State Farm policy provides:

"Temporary substitute automobile— means an automobile not owned by the named insured or his spouse while temporarily used as a substitute for the discarded automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

The State Farm policy also provides: "The insurance with respect to a temporary substitute automobile, a trailer, and a non-owned automobile shall be excess over other collectible insurance."

The Travelers policy, on its face, provides for bodily injury liability of $100,000 for each person and $300,000 for each accident. However, the Travelers policy, under the heading "Persons Insured", provides for the insuring of certain described persons while using the Carrington automobile, with the permission of the Carringtons, and further provides in section (3) (b):

"(b) Any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such persons; * * *."

The Travelers policy under paragraph 6, "Limits of Liability" limits its liability to a person insured under section (3) (b) as follows:

"(i) The applicable limit of the company's liability shall be the amount by which (a) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (b) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured, and

"(ii) The insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to Clause (i) foregoing, only for the excess."

The plaintiff, Harriet Weldner, claims that Travelers was the primary insurer; that State Farm should be held to be an excess insurer, and that Travelers' limit of liability is $100,000 for one person and $300,000 for one accident.

State Farm contends that Travelers is the primary and State Farm the excess insurer; that Travelers' limit of liability is $100,000 for one person and $300,000 for one accident; that Travelers is liable for the full amount of the judgments entered in favor of the Weldners and that Travelers should repay to State Farm the amount it deposited with the Montrose District Court.

Travelers contends that Moore was not an insured under the policy; that the voluntary payment by State Farm to the Montrose District Court constitutes a bar to its claim, and even if Moore be deemed an insured under Travelers' policy, maximum liability would be the minimum limit of liability in the financial responsibility law of Colorado in force at the time of the accident ($5,000 one person, $10,000 one accident).

■ Travelers' contention that the claims of State Farm are barred by virtue of its payment to the Montrose District Court is without merit. Continental Casualty Co., v. Firemans Fund Insurance Co., 403 F.2d 291 (10th Cir. 1968).

In determining the respective liability of the insurance carriers, we follow Employers Mutual Casualty Co. v. M. F. A. Mutual Insurance Co., 384 F.2d 111 (10th Cir.1967).

Employers Mutual held that a $200,000 liability policy, which contained the same provisions as those quoted above from the Travelers policy, limited liability coverage of the driver of the vehicle,

other than the named insured, to be the minimum limit of liability specified in the financial responsibility law of the state in which the automobile is principally garaged. As applied to the instant case, Travelers' coverage of Moore is limited to the minimum required by the Colorado financial responsibility law which was at the time of the accident, $5,000 for one person and $10,000 for one accident. 1963 C.R.S. 13–7–22. This is the limit of Travelers' liability for Moore if there had been no other insurance involved.

There are no decisions of the Colorado Supreme Court which govern the question of the respective liability of State Farm and Travelers to pay the judgments obtained by the Weldners in the state court. In similar circumstances, Employers Mutual rejected a "winner take all" position and accepted the trial court's judgment that the insurance carriers should share the loss and "—that a baalncing of the equities should determine the outcome of the case."

■ The Harriet Weldner judgment is in excess of the maximum limits of both policies and equity requires that both carriers pay the maximum limits of their respective policies in partial satisfaction of her judgment.

Melvin Weldner's judgment is' within the policy limits of both policies and equity requires a proration of the judgment between the two carriers.

In balancing the equities, the Court concludes that the liability of State Farm and Travelers should be prorated according to the maximum loss that each company could have sustained, absent the other's coverage. Judge Doyle, of this Court, adopted this rule of proration in Ruan Transport Corporation v. Truck Rentals, Inc., 278 F.Supp. 692 (1968), and stated:

"There is no binding Colorado decision; however, there is every reason to predict that the Colorado Supreme Court will follow the better reasoned minority rule."

We are persuaded, as was Judge Doyle, that this is the better and more equitable rule and the one which the Colorado Supreme Court would follow.

The Court concludes that State Farm's liability to Harriet Weldner is the sum of $10,000 plus the interest and costs which it has paid into Court. Travelers' liability to Harriet Weldner is $5,000 plus interest and costs.

With regard to Melvin Weldner's judgment, it should be prorated according to the maximum loss that each company could have sustained absent the other's coverage, which is two-thirds to State Farm and one-third to Travelers.

It is therefore ordered, adjudged, and decreed that State Farm's liability to Harriet Weldner has been discharged by State Farm by its payment into the Montrose District Court of the amount of $10,000 plus interest and costs.

It is further ordered, adjudged, and decreed that Travelers is indebted to Harriet Weldner in the amount of $5,-324.37 and her costs to be taxed by the Clerk of the Court upon a filing of a bill of costs, and judgment shall forthwith enter for the plaintiff, Harriet Weldner, against Travelers in that amount, and that upon payment of the judgment, Harriet Weldner shall satisfy her judgment against Moore in the Montrose District Court in that amount.

It is further ordered, adjudged, and decreed that Travelers is indebted to State Farm for one-third of the judgment obtained by Melvin M. Weldner against Roscoe Wesley Moore, Jr., in the district court of Montrose County, Colorado, such judgment being the sum of $94.84, and which amount State Farm has paid into the registry of the district court of Montrose County, Colorado; and judgment shall forthwith enter for the plaintiff State Farm and against Travelers in the amount of $31.61, together with State Farm's costs to be taxed by the Clerk upon the filing of a bill of costs.

Entered this 24th day of July, 1969.