**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Melvin M. Weldner, Harriet Weldner and Melvin F. Weldner, Plaintiffs-Appellees,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant-Appellant.**

**No. 5–70.**

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1970.

Laird Campbell, Denver, Colo., for plaintiff-appellee State Farm Mut. Auto. Ins. Co.

Victor T. Roushar, Montrose, Colo., for plaintiffs-appellees Weldner.

Stephen E. Connor, Denver, Colo., for defendant-appellant Travelers Indem. Co.

Before LEWIS, PICKETT and HICKEY,* Circuit Judges.

PICKETT, Circuit Judge.

State Farm Mutual Automobile Insurance Company brought this declaratory judgment action, seeking an adjudication of the respective liability of it and Travelers Indemnity Company on public liability policies issued to separate parties. The State Farm policy was issued to R. Wesley Moore covering a Chevrolet automobile. The Travelers policy insured vehicles owned by Carrington Chevrolet Company in Montrose, Colorado. While Moore was driving an automobile loaned to him by Carrington, he was involved

* Judge Hickey heard arguments in this case and before his death on September 22, 1970 he agreed to an affirmance, but he did not participate in this opinion.

in an automobile collision in which Harriet Weldner and Melvin Weldner were injured.[1] The Weldners brought suit in the Colorado state court at Montrose, Colorado to recover damages. The trial court deferred action in the declaratory judgment matter until after the determination of the state court suit. See State Farm Mutual Auto. Ins. Co. v. Travelers Indem. Co., 272 F.Supp. 803 (Colo.1967). In the state court Harriet Weldner recovered judgment against Moore for $27,000, and Melvin Weldner recovered $94.84. The liability limits of the State Farm policy were $10,000 for one person and $20,000 for one accident. State Farm paid into the state court the maximum due under its policies, which satisfied the $94.84 judgment of Melvin Weldner and left a deficiency due Harriet Weldner. Garnishment proceedings were instituted against Travelers by Harriet to collect the balance due her on the judgment. These proceedings were removed to federal court and consolidated with the declaratory judgment action. The trial court, following our decision in Employers Mutual Casualty Co. v. MFA Mutual Ins. Co., 384 F.2d 111 (10th Cir. 1967), prorated the liability between the two insurance companies according to the maximum liability on their policies. Travelers appeals.

■ The facts are stipulated. The sole issue here deals with provisions of the State Farm and Travelers policies which each insurer maintains places primary liability on the other. The State Farm policy provided coverage for Moore and his wife when temporarily using another vehicle while the insured's car was being repaired. It further provided that the insurance with respect to the substitute automobile "shall be excess over other collectible insurance." The liability of the Travelers policy was $100,000 for each person and $300,000 for each accident. It insured persons

while using a Carrington automobile with the permission of the Carringtons, which would include Moore. The policy, however, provided that it would insure other persons only if there was no other valid and collectible automobile insurance with limits of liability at least equal to the minimum limits specified by the Financial Responsibility Law of the state in which the automobile was principally garaged.[2] Travelers contends that under the "no liability" clause of its policy Moore was not an insured because he had other valid and collectible insurance. State Farm argues that its "excess" clause should be favored over Travelers' "no liability" provision since that policy covered the specific vehicle driven by Moore and was therefore primary insurance. State Farm also urges that we reexamine the Employers Mutual Casualty Co. case. Travelers cites a Colorado district court decision wherein the court determined that an insurance policy with an "excess" clause similar to that of State Farm's policy was deemed primary insurance. The unreported, unpublished decision from one of the many Colorado district courts is of little value in considering what course the Supreme Court of that state would take. King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948); see also Commissioner v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

The Colorado Supreme Court has not considered the question. In Ruan Transport Corporation v. Truck Rentals, Inc., 278 F.Supp. 692, 697 (D.Colo.1968), Judge Doyle, a United States District Judge for the District of Colorado, while relying upon the Employers Mutual Casualty Company case in deciding a like question, stated that "there is every reason to predict that the Colorado Supreme Court will follow the better reasoned mi-

[1.] Moore was permitted to use the Carrington car while his Chevrolet was in the garage for repairs.

[2.] The pertinent policy provisions, together with additional facts are set forth in the

District Court's decision. State Farm Mutual Auto. Ins. Co. v. Travelers Ind. Co., 301 F.Supp. 1131 (D.Colo.1969).

nority rule." District Judge Chilson expressed like views in this case.

 We adhere to our decision in Employers Mutual Casualty Co. v. MFA Mutual Ins. Co., *supra*, and for the reasons stated in that case and those of the trial court's opinion in this case, State Farm Mutual Auto. Ins. Co. v. Travelers Ind. Co., *supra*, the judgment is affirmed.