**Jerome B. GUINAND, Plaintiff-Appellant,**

v.

**ATLANTIC RICHFIELD COMPANY, Defendant-Appellee.**

**No. 73–1040.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted July 12, 1973.

Decided Oct. 12, 1973.

Raymond B. Whitaker, Casper, Wyo., for plaintiff-appellant.

Houston G. Williams, Casper, Wyo. (Hunter L. Johnson, Jr., Denver, Colo., on the brief), for defendant-appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

In this diversity case, the appeal is from a summary judgment for defendants entered in the United States District Court of Wyoming. The complaint sought damages under both a contract and a tort theory based upon appellee's failure to obtain an extension of an oil and gas lease in which appellant held an overriding royalty interest. The facts were stipulated.

A five-year federal oil and gas lease was issued to Jerome B. Guinand with an effective date of November 1, 1959. The lease covered 1,080 acres in Campbell County, Wyoming. During 1963 that lease was assigned to Sinclair Oil and Gas Company. In that assignment, Gui-

nand reserved a three percent overriding royalty, one-sixth of which override was later assigned to F. W. Tuttle. The effective life of the lease was subsequently extended by the government to October 31, 1969. By virtue of several mergers during the course of the lease, Atlantic Richfield succeeded to the rights and obligations of Sinclair under Guinand's assignment.

Under provisions of 43 C.F.R. 192 (now 43 C.F.R. 3107), the 1959 lease could have been extended an additional two years by either a partial assignment by appellee or a release by appellee followed by Guinand's partial assignment to another prior to October 1, 1969.

Atlantic desired to extend the lease subject to the above provisions, and thus about August 22, 1969, appellee arranged with Chandler & Associates, Inc. for Chandler to accept such an assignment of the lease as to 40 acres, and expected that Chandler would promptly take the necessary action to obtain Bureau of Land Management approval of the assignment.

Later, on September 11, 1969, Paul T. Walton, on behalf of appellant, wrote to the lease department of Atlantic inquiring as to the status of the lease in question and of another lease later involved in state court litigation. Atlantic replied that, "Assignments have been filed and when approved will extend such lease for two years." The assignment to Chandler was not subsequently forwarded to the Bureau, and as a result the lease expired on October 31, 1969.

In the instant complaint, appellant urged first that the reassignment clause [1] of the assignment contract should be interpreted to establish contractual liability and, secondly, that outside the contract, either under an "estoppel" or negligence theory, Atlantic's acts had rendered it liable in tort.

In any discussion of the merits in this appeal, it is imperative that we note the case of Walton v. Atlantic Richfield Co., 501 P.2d 802 (Wyo.1972). In that case the Wyoming Supreme Court was faced with an identical contract and essentially identical facts. Additionally, the parties in that suit included the parties in this appeal, and plaintiffs asserted the same grounds for recovery as in the present complaint. In *Walton,* the state district court ruled that the reassignment provisions of the contract were not applicable to the facts, but held that tort liability was established. Only the issues of contract liability and damages were appealed to the Wyoming Supreme Court. In its opinion, the supreme court specifically affirmed the state district court holding that no contractual liability could arise in that case as Atlantic did not desire to terminate the lease but rather took steps to retain it. Thus none of the obligations under that clause could establish contract liability in that factual setting.

■ We can imagine no clearer case for the application of the doctrine of Erie Ry. Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), than in the assertion of contract liability in the present appeal. The Supreme Court of Wyoming has clearly established the law in that state as denying such liability under an identical contract clause and, for all purposes, identical facts. Thus the federal district court was correct in its denial of contract liability in this case.

■ As a result of this view concerning the application of *Walton,* we are left with only the issue of possible tort liability based upon Atlantic's representations to appellant and its subsequent

---

1. Paragraph 6 of the contract read in part as follows: If Assignee shall desire to surrender and release said lease to the United States before said lease terminates by operation of law of the lease terms, Assignee will accordingly give notice to Assignor at least thirty (30) days prior to the rental or expiration date, and if within fifteen (15) days thereafter, Assignor, or any one of them, shall notify Sinclair that such lease as to the lands included in the notice be reassigned to Assignor, then Assignee, will, without warranty, reassign such lease to Assignor. . . .

failure to obtain an extension of the lease.

In regard to this issue, appellant has urged that Erie Ry. Co. v. Thompkins requires that we reverse the summary judgment based upon the Wyoming district court's holding that established tort liability under essentially the same facts. However, we do not agree that such recognition of the state district court ruling is mandated by federal diversity doctrines.

As indicated above, the Wyoming Supreme Court did not rule upon the issue of tort liability. In fact they indicated in their opinion that ". . . Although appellee did not appeal the judgment herein it does suggest in its brief and argument that no liability could arise in absence of the applicability of the reassignment clause. This would raise a most interesting question of how, in the absence of a contractual duty, any liability against appellee could arise. In the absence of any appeal by appellee this is moot and discussion is futile." Walton v. Atlantic Richfield Co., *supra*, 501 P.2d at 804.

Thus appellant presents only the unappealed decision of the state district court, not an affirmative holding by the highest court of the state. Such an unreported, unpublished decision from a state district court is of little value in considering what course the Supreme Court of Wyoming would take. Commissioner v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); King v. United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948); and State Farm Mut. Auto. Ins. Co. v. Travelers Indem. Co., 433 F.2d 311 (10th Cir. 1970).

Therefore it appears that the federal district court was free to rule upon these tort issues as if this case were one of first impression in Wyoming. Further, this court has consistently recognized the particular qualifications of a federal dis-

trict judge in determining state law in his district. Hence we have held that when state law appears to be unsettled, we will give great weight and credence to the federal district court's interpretation.[2]

■■ Though in his arguments on the motion for summary judgment appellant was very imprecise in his explanation of his claim in regard to tort liability, it appears that what he asserted was negligence. It is well settled that no liability can be grounded on negligence if no duty exists on the part of the defendant. Hines v. Sweeney, 28 Wyo. 57, 201 P. 1018 (1921). In that regard, this Court has established that an assignee owes no duty to his assignor to continue a government lease in effect outside contract provisions. Phillips Petroleum Co. v. McCormick, 211 F.2d 361 (10th Cir. 1954). Thus the securing of an extension of the lease was not a duty of appellee, and its failure to do so is not grounds for liability in negligence.

The appellant, however, attempts to argue that as appellee indicated it had filed the new assignment and because appellant relied upon that statement, a duty to use some degree of care was established. Such an argument ignores the rights and obligations of the parties in this situation. Guinand could not have relied upon appellee's statement to his detriment as he had no rights in this situation outside the contract, and under that contract he could not obtain an extension through his own actions in any manner. Only if appellee surrendered the lease to appellant could Guinand partially reassign the lease to another and gain the extension he desired. Contractually he could not require such a surrender and thus could not forego any legal right in reliance on appellee's representation. Therefore we must affirm the district court as no basis for recovery, either contract or tort, recognizable under Wyoming law was presented by

---

2. Marken v. Goodall, 478 F.2d 1052 (10th Cir. 1973); United States v. Hershberger, 475 F.2d 677 (10th Cir. 1973); Hardberger & Smylie v. Employers Mut. Liab. Ins. Co., 444 F.2d 1318 (10th Cir. 1971).

**418**

the facts as stipulated. No issue of fact necessitated jury determination, and as both parties sought summary judgment, its application was correct in this situation.

Lastly appellant, though he did not urge it upon the district court, now asserts fraud as a possible basis for recovery. It is sufficient to indicate that he has never offered to introduce any evidence to show bad faith or fraudulent intent on the part of the appellee. Fraud will not be imputed to any party when facts and circumstances out of which it is supposed to arise are consistent with honesty and purity of intention.[3] And further, we have held that ordinarily an appellate court will not consider an issue of fact not presented to the trial court.[4] This claim by appellant presents no exceptional question of law that would merit ignoring that rule.

Affirmed.

3. Twing v. Schott, 80 Wyo. 100, 338 P.2d 839 (1959).

4. Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970) ; Eureka-Carlisle Co. v. Rottman, 398 F.2d 1015 (10th Cir. 1968) ; Justhein Petroleum Co. v. Hammond, 227 F.2d 629 (10th Cir. 1955).